IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

MICHAEL RODGERS and LAUREN )
COLLINS, on behalf of themselves and all, )
other persons similarly situated, )
known and unknown )
) Case No. 3:16-CV-106
)
Plaintiffs, ) Judge   Groh
)
v. ) Magistrate Judge
)
ABBSTER ENTERPRISES LLC, ) JURY DEMANDED
)
Defendant. )

ELECTRONICALLY FILED
Jul 07 2016
U.S. DISTRICT COURT
Northern District of WV

## COLLECTIVE ACTION COMPLAINT

Plaintiffs Michael Rodgers and Lauren Collins ("Plaintiffs"), on behalf of themselves and all other persons similarly situated, known and unknown, through their attorneys, and for their Complaint against Defendant Abbster Enterprises LLC ("Defendant"), state as follows:

### Nature of Plaintiffs' Claims

1. This lawsuit arises under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.* for Defendant's failure to pay Plaintiffs and other similarly-situated servers and bartenders all earned minimum wages.

2. Defendant operates a franchised Buffalo Wild Wings ("BWW") restaurant in Martinsburg, West Virginia.

3. Defendant has a policy or practice of paying servers and bartenders at its BWW restaurant sub-minimum hourly wages under the tip-credit provisions of the FLSA (*i.e.* an hourly rate less than $7.25).

1

4. Under the tip-credit provisions of the FLSA, an employer of tipped employees may, under certain circumstances, pay those employees less than the minimum hourly wage and take a "tip credit" against its minimum wage obligations. But an employer is not permitted to take a tip credit against its minimum wage obligations in any of the following circumstances: (1) when it fails to inform tipped employees of the provisions of the tip-credit subsection of the FLSA; (2) when it requires its tipped employees to perform non-tipped work that is *unrelated* to the employees' tipped occupation (i.e., "dual jobs"); (3) when it requires its tipped employees to perform non-tipped work that, although *related* to the employees' tipped occupation, exceeds 20 percent of the employees' time worked during a workweek; or (4) when it requires tipped employees to return a portion of their tips to the employer. *See, e.g.,* 29 U.S.C. § 203(m) (the tip credit provision "shall not apply with respect to any tipped employee unless such employee has been informed by the employer of the provisions of this subsection"); *Driver v. AppleIllinois, LLC*, 739 F.3d 1073, 1075 (7th Cir. 2014) (Posner, J.) (explaining that when tipped employees perform "non-tipped duties" that "are *unrelated* to their tipped duties . . . such as, in the case of restaurant servers, washing dishes, preparing food, mopping the floor, or cleaning bathrooms, they are entitled to the full minimum wage for the time they spend at that work") (emphasis added); *Fast v. Applebee's Int'l, Inc.*, 638 F.3d 872, 880 (8th Cir. 2011) ("employees who spend 'substantial time' (defined as more than 20 percent) performing *related* but nontipped duties should be paid at the full minimum wage for that time"); *Bernal v. Vankar Enter., Inc.*, 579 F. Supp. 2d 804, 810 (W.D. Tex. 2008) (defendant not permitted to take the FLSA tip credit when it took plaintiffs' tips to pay for shortages and unpaid tabs).

5. Defendant violated the FLSA by failing to inform its servers and bartenders of the tip-credit provisions of the FLSA.

6. Defendant violated the FLSA by its policy or practice of paying servers and bartenders sub-minimum, tip-credit wages even when it requires those employees to perform non-tipped work that is *unrelated* to their tipped occupation (*i.e.*, "dual jobs" of janitor, maintenance person, prep cook, and/or dishwasher), such as: cleaning bathrooms, scraping gum off of tables and chairs, cleaning drains, cleaning ash trays, picking up cigarette butts outside of the restaurant, scrubbing trash cans, sweeping, mopping, and deck scrubbing floors, slicing fruit, portioning dressings in the back of the house, and regularly washing dishes.

7. Defendant violated the FLSA by its policy or practice of requiring servers and bartenders to perform non-tipped work that, even if it were related to their tipped occupation, exceeded 20 percent of their time worked in one or more individual workweeks.

8. Defendant violated the FLSA by its policy or practice of requiring servers and bartenders to return a portion of their tips to the restaurant, including to cover the cost of customer walkouts and cash drawer shortages.

**Jurisdiction and Venue**

9. This Court has federal question jurisdiction over Plaintiffs' FLSA claims, which arise under 29 U.S.C. § 216(b), pursuant to 28 U.S.C. § 1331.

10. Venue is proper in this judicial district because the facts and events giving rise to Plaintiffs' claims occurred in this judicial district. 28 U.S.C. § 1391.

**FLSA Collective Action Allegations**

11. Plaintiffs bring this action on behalf of themselves and all other similarly-situated servers and bartenders, *see* 29 U.S.C. § 216(b), which are defined as follows:

> All persons who worked at Defendant's BWW restaurant in Martinsburg, West Virginia, in the last three (3) years and who were paid sub-minimum, tip-credit hourly wages (*i.e.*, an hourly rate less than $7.25).[1]

12. Defendant is aware or should have been aware that federal law requires it to pay servers and bartenders full minimum wage when it: (a) fails to inform servers and bartenders of the tip-credit provisions of the FLSA; (b) requires servers and bartenders to perform non-tipped work that is (i) *unrelated* to their tipped occupation, or (ii) exceeds 20 percent of their time worked during individual work weeks; or (c) requires servers and bartenders to return a portion of their tips to the restaurants, including to cover the cost of customer walkouts and cash drawer shortages.

13. Plaintiffs are similarly situated to Defendant's other BWW servers and bartenders because those employees, like Plaintiffs, were also paid sub-minimum hourly wages while they were subject to Defendant's illegal policy or practice of: (a) failing to inform them of the tip-credit provisions of the FLSA; (b) requiring them to perform non-tipped work that is (i) *unrelated* to their tipped occupation, or (ii) exceeds 20 percent of their time worked during individual work weeks; or (c) requiring them to return a portion of their tips to the restaurants, including to cover the cost of customer walkouts and cash drawer shortages.

14. There are numerous similarly-situated current and former servers and bartenders who worked at Defendant's BWW restaurant who would benefit from the Court authorizing issuance of notice of this lawsuit so that these employees may opt in to this lawsuit.

15. Similarly-situated servers and bartenders are known to Defendant and are identifiable in its payroll records.

---

[1] Plaintiffs reserve the right to amend this definition based on discovery or legal

### The Parties

16. Defendant is a West Virginia limited liability company.

17. Defendant's principal place of business is located at 796 Foxcroft Avenue, Suite 205, Martinsburg, WV 25401.

18. The following individuals are members of Defendant: Robert T. Ganse, Barbara G. Ganse, Jennifer G. Beaudoin, and Steve O. Beaudoin.

19. Plaintiff Rodgers is a domiciliary of Berkeley County, West Virginia, which is located in this judicial district.

20. Defendant employed Plaintiff Rodgers at its BWW restaurant from approximately June 2013 to April 28, 2015.

21. During his employment with Defendant, Plaintiff Rodgers worked under the job titles of server and bartender.

22. Except for his brief initial training (less than two weeks) and occasional team meetings, Plaintiff Rodgers was paid less than minimum wage to work as a server and bartender (approximately $2.13 per hour).

23. Plaintiff Rodgers was paid $2.13 per hour for all of the hours he worked as a server and bartender, even when he was required to perform work where he did not interact with customers and could not earn a tip.

24. Plaintiff Rodgers does not recall being informed by Defendant, and believes he was not informed, of the tip-credit provisions of the FLSA.

---

developments.

25. Defendant required Plaintiff Rodgers and other bartenders to reimburse the restaurant from their tips when the cash drawer was short money.

26. Plaintiff Rodgers reimbursed the restaurant for cash drawer shortages approximately seven times, as required by management.

27. While paying Plaintiff Rodgers less than minimum wage (approximately $2.13 per hour), Defendant required Plaintiff Rodgers to spend over 20 percent of his work time – and typically approximately 40 percent of his work time – in one or more individual workweeks performing non-tipped work where he did not interact with customers and could not earn tips.

28. Below are non-exhaustive examples of the non-tipped work that Defendant required Plaintiff Rodgers to perform while paying him less than minimum wage:

- Cleaning bathrooms, including cleaning floors, mirrors, counters, toilets, and taking out the trash;
- Performing "adopt a spots," including scraping gum off of tables and chairs, cleaning drains in the soda machines, cleaning ash trays, picking up cigarette butts outside of the restaurant, and scrubbing trash cans;
- Sweeping, mopping, and deck brushing restaurant floors;
- Taking out trash;
- Regularly running dirty silverware, platters, cups, and glassware through the dishwasher;
- Rolling silverware;
- Portioning ranch and blue cheese dressing into individual-sized plastic ramekins in the back of the house;

6

- Refilling "sani" buckets with water and sanitizer in the back of the house; and

- Slicing lemons, limes, and oranges for the entire restaurant.

29. Plaintiff Collins is a domiciliary of Berkeley County, West Virginia, which is located in this judicial district.

30. Defendant employed Plaintiff Collins at its BWW restaurant from approximately September 2012 to January 29, 2016.

31. During her employment with Defendant, Plaintiff Collins worked under the job title of cashier (for approximately the first six to eight months of her employment) and server (for the remainder of her employment).

32. Except for her brief initial trainings (less than two weeks) and occasional team meetings, Plaintiff Collins was paid less than minimum wage to work as a server (approximately $2.13 per hour).

33. Plaintiff Collins was paid $2.13 per hour for all of the hours she worked as a server, even when she was required to perform work where she did not interact with customers and could not earn a tip.

34. Plaintiff Collins does not recall being informed by Defendant, and believes she was not informed, of the tip-credit provisions of the FLSA.

35. Plaintiff Collins was required to reimburse this restaurant from her tips when her customers left without paying their bill, which she did in approximately October or November 2015.

36. While paying Plaintiff Collins less than minimum wage (approximately $2.13 per hour), Defendant required her to spend over 20 percent of her work time – and typically over 40

percent of her work time – in one or more individual workweeks performing non-tipped work where she did not interact with customers and could not earn tips.

37. Below are non-exhaustive examples of the non-tipped work that Defendant required Plaintiff Collins to perform while paying her less than minimum wage:

- Cleaning bathrooms, including cleaning floors, mirrors, counters, toilets, and taking out the trash;
- Performing "adopt a spots," including scraping gum off of tables and chairs, cleaning drains in the soda machines, cleaning ash trays, picking up cigarette butts outside of the restaurant, and scrubbing trash cans;
- Sweeping, mopping, and deck brushing restaurant floors;
- Taking out trash;
- Regularly running dirty silverware, platters, cups, and glassware through the dishwasher;
- Rolling silverware;
- Portioning ranch and blue cheese dressing into individual-sized plastic ramekins in the back of the house; and
- Refilling "sani" buckets with water and sanitizer in the back of the house.

**Common Factual Allegations**

38. During certain shifts, Defendant required Plaintiffs to perform non-tipped opening duties before the restaurant was open to customers.

39. Defendant required Plaintiffs to perform running side-work in between serving customers.

40. Defendant required Plaintiffs to complete "outs" or closing duties after serving customers and/or after the restaurant was closed to customers.

41. Defendant required Plaintiffs to perform weekly cleaning duties which differed depending on the shift and day of the week.

42. Plaintiffs performed the majority of their non-tipped work before or after serving customers.

43. Without disrupting Plaintiffs' ability to serve customers, Defendant could have changed its policies or practices and permitted Plaintiffs to clock in at a full minimum wage job code when they performed non-tipped work, such as that listed in Paragraphs 28 and 37 above, while clocking in at a server or bartender job code when they served customers and had the opportunity to earn tips.

44. Also without disrupting Plaintiffs' ability to serve customers, Defendant could have reassigned the required non-tipped job duties that they performed, such as those listed in Paragraphs 28 and 37 above, to job positions paid at least full minimum wage.

45. During Plaintiffs' employment, checklists were posted in Defendant's BWW restaurant with numerous non-tipped duties that servers and bartenders were required to perform in addition to serving customers.

46. Managers verified that servers and bartenders performed the non-tipped work covered in the checklists described in the previous paragraph.

47. Certain servers and bartenders at Defendant's BWW restaurant were required to perform non-tipped work before the restaurant was open to customers.

48. For example, when Plaintiffs were assigned to work as the opening server or bartender, they were required to arrive approximately one hour before the restaurant opened to perform opening duties.

49. Servers and bartenders at Defendant's BWW restaurant performed required non-tipped work after they were finished serving customers and/or after its restaurant was closed to customers.

50. During Plaintiffs' employment, Defendant had no policies prohibiting servers and bartenders from performing certain types, or excessive amounts, of non-tipped work.

51. By contrast, other casual dining restaurants, like Applebee's, have implemented policies restricting the types and amounts of non-tipped job duties servers and bartenders may be required to perform. *See* Ex. A, excerpts from Applebee's franchise's See You Tomorrow policy.

52. During Plaintiffs' employment, Defendant did not record or track the amount of time servers and bartenders spent performing non-tipped work.

53. Defendant uses a standard point-of-sale system to record hours worked by servers and bartenders at its BWW restaurant.

54. Defendant analyzes and evaluates information collected by its point-of-sale system, including labor cost information for its restaurant.

55. Restaurant managers at Defendant's BWW restaurant are eligible to receive bonuses, in part, based on meeting or exceeding certain labor cost targets.

56. In the point-of-sale system at Defendant's BWW restaurant, it is possible to create different "clock in" codes that would allow servers and bartenders at the restaurant to clock in at the

full minimum wage rate when performing non-tipped work, while clocking in at a sub-minimum, tip-credit wage rate when serving customers.

57. During Plaintiffs' employment, servers and bartenders at Defendant's BWW restaurant were not allowed to clock in at the full minimum wage rate when performing the non-tipped work described in this Complaint.

## COUNT I
### Violation of the Fair Labor Standards Act – Minimum Wages
### Collective Action

58. Plaintiffs reallege and incorporate the previous paragraphs of this Complaint as if fully set forth in this Count.

59. This Count arises from Defendant's violation of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.*, for its failure to pay minimum wages to Plaintiffs and similarly situated servers and bartenders.

60. Plaintiffs bring this Count as a collective action under Section 16(b) of the FLSA.

61. Plaintiffs' consent forms to act as representative plaintiffs are attached hereto as Exhibit B.

62. Defendant was Plaintiffs' "employer" as defined by the FLSA. 29 U.S.C. § 203(d).

63. Plaintiffs were "employee[s]" of Defendant as defined by the FLSA. 29 U.S.C. § 203(e)(1).

64. During the entire course of their employment by Defendant, Plaintiffs were not exempt from the minimum wage provisions of the FLSA.

65. In one or more individual workweeks during their employment, Plaintiffs' average weekly wages (*i.e.* total weekly compensation paid by Defendant divided by total weekly hours), fell below minimum wage.

66. In each of the last three years, Defendant has been an "enterprise" as defined by Section 3(r)(1) of the FLSA. 29 U.S.C. § 203(r)(1).

67. In each of the last three years, Defendant has been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1)(A) of the FLSA. 29 U.S.C. § 203(s)(1)(A).

68. Defendant's annual gross volume of sales made or business done has exceeded $500,000 in each of the last three calendar years.

69. Defendant violated the FLSA by requiring Plaintiffs and similarly-situated servers and bartenders to perform non-tipped work that is *unrelated* to their tipped occupation while paying them less than minimum wage, such as: cleaning bathrooms, scraping gum off of tables and chairs, cleaning drains, cleaning ash trays, picking up cigarette butts outside of the restaurant, scrubbing trash cans, sweeping, mopping, and deck scrubbing floors, slicing fruit, portioning dressings in the back of the house, and regularly washing dishes.

70. Defendant violated the FLSA by requiring Plaintiffs and similarly-situated servers and bartenders to perform non-tipped work that, even if related to their occupation, exceeded twenty (20) percent of their time worked in one or more individual workweeks without paying them full minimum wage.

71. Defendant violated the FLSA by taking a tip credit against the minimum wages of Plaintiffs and similarly situated servers and bartenders without informing them of the tip credit provisions of the FLSA.

72. Finally, Defendant violated the FLSA by requiring Plaintiffs and similarly situated servers and bartenders to return a portion of their tips to the restaurant, including to cover the cost of customer walkouts and cash drawer shortages.

73. Defendant's violations of the FLSA were willful because it knew, or had reason to know, that the policies or practices challenged in this lawsuit violated the FLSA.

WHEREFORE, Plaintiffs, on behalf of themselves and similarly-situated servers and bartenders, pray for judgment against Defendant as follows:

A. judgment in the amount of the owed minimum wages for all time worked by Plaintiffs and similarly-situated servers and bartenders;

B. liquidated damages in an amount equal to the amount of unpaid minimum wages;

C. reasonable attorneys' fees and costs incurred in prosecuting this action; and

D. such other and further relief as this Court deems just and proper.

**JURY TRIAL DEMANDED**

Dated: July 7, 2016

Respectfully submitted,

s/David M. Hammer
One of the Attorneys for Plaintiffs

David M. Hammer – dhammer@hfslawyers.com
Hammer Ferretti Schiavoni
408 West King St.
Martinsburg, WV 25401
304-264-8505

Attorney for Plaintiffs