# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
# MARTINSBURG

**MICHAEL RODGERS and LAUREN COLLINS,**
on behalf of themselves and all other persons
similarly situated, known and unknown,

    Plaintiffs,

v.                                                         **CIVIL ACTION NO.: 3:16-CV-106**
                                                                  **(GROH)**

**ABBSTER ENTERPRISES, LLC,**

    Defendant.

## MEMORANDUM OPINION AND ORDER GRANTING IN PART PLAINTIFFS' MOTION FOR STEP-ONE NOTICE PURSUANT TO THE FAIR LABOR STANDARDS ACT

Currently before the Court is the Plaintiffs' Motion for Step-One Notice Pursuant to the Fair Labor Standards Act [ECF No. 20], filed on November 14, 2016. For the following reasons, the Court **GRANTS IN PART** the motion.

### I. Background[1]

The Plaintiffs, Michael Rodgers and Lauren Collins, were employees at the Defendant's restaurant, Buffalo Wild Wings ("BWW") in Martinsburg, West Virginia. Rodgers was employed as a bartender and server from June of 2013 to April 28, 2015, while Collins was employed as a cashier[2] and server from September of 2012 to January 29, 2016. The Plaintiffs allege that they were both paid a tip-credit wage of $2.13 per

---

[1] The information within this section is derived from the complaint [ECF No. 1], the Plaintiffs' motion for step-one notice [ECF No. 20] and the Defendant's response thereto [ECF No. 24].

[2] The complaint indicates that Collins was a cashier for the first six to eight months of her employment and was a server thereafter until the end of her employment.

hour, even when they were required to perform work where they were unable to interact with customers and thus unable to earn tips.[3] The collective action complaint asserts violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201-219, and requests owed minimum wages, liquidated damages, and attorneys' fees and costs.

## II. Applicable Law

The current motion seeks conditional class certification[4] and distribution of notice pursuant to 29 U.S.C. § 216(b). Section 216(b) of the FLSA allows employees to bring a class action, or a cause of action on behalf of themselves and others similarly situated, against their employer for violations of the FLSA. Class certification under § 216(b) is typically a two-step process. See DeLoso v. Multifresh, Inc., Civil Action No. 5:12-cv-01165, 2013 WL 425823, at *4 (S.D. W. Va. Feb. 4, 2013); Houston v. URS Corp., 591 F. Supp. 2d 827, 831 (E.D. Va. 2008). The first step, applicable here, is identified as the notice or conditional certification stage, where the court determines whether the plaintiffs have demonstrated that the potential class members are similarly situated. See DeLoso, 2013 WL 425823, at *4; Ruffin v. Entm't of the E. Panhandle, Civil Action No. 3:11-CV-19, 2012 WL 761659, at *4 (N.D. W. Va. Mar. 7, 2012). If so, then the court conditionally

---

[3] Examples of this non-tipped work include cleaning bathrooms, scraping gum off of tables and chairs, cleaning drains in the soda machines, sweeping and mopping, taking out trash, running silverware and glassware through the dishwasher and portioning dressings into plastic ramekins.

[4] Although the Plaintiffs do not specifically request conditional certification, they request that they be permitted to provide notice under § 216(b). However, before notice is authorized, the Court must determine whether to conditionally certify the class. See, e.g., DeLoso v. Multifresh, Inc., Civil Action No. 5:12-cv-01165, 2013 WL 425823, at *4 (S.D. W. Va. Feb. 4, 2013) (explaining that if the court determines that the potential class members are similarly situated, then "it will conditionally certify the class and, if appropriate, authorize plaintiffs' counsel to provide the putative class members with notice of the lawsuit and their right to opt-in" (internal quotations, alteration and citations omitted)); Steinberg v. TQ Logistics, Inc., C.A. No. 0:10-cv-2507-JFA, 2011 WL 1335191, at *1 (D.S.C. Apr. 7, 2011) ("If the court finds that the proposed class members are similarly situated, the court conditionally certifies the class. Then the putative class members are given notice and the opportunity to opt in, and the action proceeds as a representative action throughout discovery."). Therefore, the Court construes the motion to request conditional certification.

certifies the class and a court-facilitated notice plan is put into place to notify the potential class members of the pending FLSA action and their ability to "opt in." See DeLoso, 2013 WL 425823, at *4; Steinberg v. TQ Logistics, Inc., C.A. No. 0:10-cv-2507-JFA, 2011 WL 1335191, at *1 (D.S.C. Apr. 7, 2011); Houston, 591 F. Supp. 2d at 831. The first step is guided by a "fairly lenient standard" and plaintiffs "need only put forth relatively modest evidence" to conditionally certify a class. DeLoso, 2013 WL 425823, at *4 (internal quotations and citation omitted); see also Steinberg, 2011 WL 1335191, at *1. In short, "where multiple claims can be adjudicated efficiently because they share common underlying facts and do not require substantial individualized determinations for each class member, a court should conditionally certify the proposed class." Purdham v. Fairfax Cty. Pub. Sch., 629 F. Supp. 2d 544, 549 (E.D. Va. 2009).

### III. Discussion

#### A. Conditional Certification

The Plaintiffs request that the Court conditionally certify a class consisting of servers and bartenders who worked at the Defendant's BWW restaurant within the past three years. They aver that the potential class is similarly situated because BWW paid them tip-credit hourly wages even when they were performing non-tipped work; required them to reimburse BWW for cash drawer shortages and customer walkouts from their tips; and did not notify them of the tip-credit provisions of the FLSA. In the declarations attached to the motion for step-one notice, each employee indicates that they were a server or bartender at BWW in Martinsburg, West Virginia; were paid $2.13 an hour—a tip-credit wage—when they performed duties where they could not interact with customers and thus could not earn a tip; spent anywhere from thirty to fifty percent of their

3

shifts performing non-tipped work; and were not informed by BWW of the tip credit provisions of the FLSA. Each employee gives examples of similar non-tipped duties that they were required to perform. Approximately half indicate that they reimbursed BWW when the cash drawer was short or for customer walkouts.

The Defendant opposes conditional certification, arguing that the Plaintiffs fail to make the required showing because they state that they "do not remember being informed," and "believe [that they were] not informed, of the tip credit provisions of the Fair Labor Standards Act." See, e.g., ECF No. 20-2 at 5. The Defendant cites Bernard v. Household Intern, Inc., 231 F. Supp. 2d 433 (E.D. Va. 2002), in support of its argument. However, Bernard is dissimilar and inapplicable to the instant case. In Bernard, the court found extension of conditional certification to offices outside of Chesapeake and Virginia Beach unwarranted where there were no declarations from employees stationed in offices other than Chesapeake and Virginia Beach and no "allegations regarding practices in other offices." 231 F. Supp. 2d at 436. Here, each and every declaration provides a first-hand account of policies and customs observed by BWW in Martinsburg, West Virginia. Accordingly, the Court finds Bernard unpersuasive.

Additionally, the Defendant argues that since March 6, 2016, it has been instructing employees to clock in at a minimum wage rate when performing opening and closing duties,[5] and therefore the Plaintiffs' claims should be limited to the period before March 6, 2016. Whether or not BWW began implementing a practice of clocking in and clocking out that conforms to FLSA standards is a factual dispute that will not be considered by the Court at the conditional certification stage. See Kellgren v. Petco Animal Supplies,

---

[5] Opening and closing duties are described as duties performed prior to and after customer hours.

4

Inc., No. 13cv644 L(KSC), 2015 WL 5167144, at *4 (S.D. Cal. Sept. 3, 2015) ("[C]onsiderations involving the merits of claims are more appropriately addressed at the second stage of the analysis when less facts are in dispute."); Benbow v. Gold Kist, Inc., C.A. No. 3:06-cv-02751-MBS, 2007 WL 7595027, at *2 (D.S.C. Apr. 16, 2007) ("Whether the proof will ultimately support anything more than conditional certification is not at issue at this time." (internal quotations and citation omitted)); Hoffman v. Sbarro, Inc., 982 F. Supp. 249, 262 (S.D.N.Y. 1997) ("[T]he Court need not evaluate the merits of plaintiffs' claims in order to determine that a definable group of 'similarly situated' plaintiffs can exist here.") Therefore, the Court disregards this argument.

To demonstrate that a class is similarly situated, plaintiffs need only make a "modest factual showing" that they and the potential class members are "victims of a common policy or plan" in violation of the FLSA. Choimbol v. Fairfield Resorts, Inc., 475 F. Supp. 2d 557, 564 (E.D. Va. 2006). The Plaintiffs in this case have met this burden. Accordingly, the Court **GRANTS** conditional certification.

### B. Notice

If conditional certification is granted, then notice is given to the presumptive class members. DeLoso, 2013 WL 425823, at *4; Steinberg, 2011 WL 1335191, at *1; Houston, 591 F. Supp. 2d at 831. The Court has broad discretion to determine the information and details contained within the notice sent to potential class members. See Hoffmann-La Roche, Inc. v. Sperling, 493 U.S. 165, 171 (1989). The Plaintiffs request that notice be given to all servers and bartenders who worked at BWW in Martinsburg, West Virginia, during the past three years. The Defendant argues that if notice is issued, it should be limited to employees who worked at BWW in the past two years. The Defendant contends

that the Plaintiffs have not shown that it willfully violated the FLSA, which is required for a three-year limitations period. See 29 U.S.C. § 255(a). However, to require the Plaintiffs to demonstrate willfulness at such an early stage in the proceedings would be improper. See Boyd v. Bank of America Corp., No. SACV 13-0561-DOC (JPRx), 2013 WL 6536751, at *4 (C.D. Cal. Dec. 11, 2013) ("[W]here the issue of willfulness is disputed, district courts often conditionally certify the three-year period upon a preliminary showing, and reserve final ruling on the issue until later in the litigation." (internal quotations and citation omitted)); Gallagher v. Lackawanna Cty., No. 3:CV-07-0912, 2008 WL 9375549, at *9 (M.D. Pa. May 30, 2008) ("Whether Defendant['s] violations of the FLSA were willful is an issue going to the merits of the case and not whether notice should be issued to potential claimants." (alteration in original) (internal quotations and citation omitted)). All that is necessary in the first step is that they show the potential class is similarly situated—an obligation that they have fulfilled. If it is later concluded that the Defendant's actions were not willful, the timeliness of the class members' claims and amount of damages will be determined accordingly. Therefore, the Court's conditional certification of the class extends to all current and former servers and bartenders who worked at Buffalo Wild Wings in Martinsburg, West Virginia, during the past three years.

The Plaintiffs attach a proposed notice[6] to distribute to the class to which the Defendant lodges twelve objections. In their reply, the Plaintiffs concede to objections two, six, eight, nine, ten and twelve. Accordingly, the Court **OVERRULES** these objections as moot. The remaining objections will be considered in turn.

---

[6] The proposed notice is nearly identical to notices that have been approved and distributed in cases in the Northern and Southern Districts of Illinois and the Northern District of Ohio. See ECF Nos. 20-16, 20-17, 20-18.

First, the Defendant argues that notice should be limited to two years instead of three.  As explained previously, the Court will utilize the three year statute of limitations period applicable to willful violations of the FLSA.  Accordingly, the Defendant's first objection is **OVERRULED**.  However, the Court **ORDERS** the notice to be modified to clearly explain that, although it is directed toward employees who worked for BWW during the past three years, it is possible that the claim period may be limited to two years.  If so, there will be no recovery for individuals who worked for BWW more than two years ago. See Resendiz-Ramirez v. P & H Forestry, LLC, 515 F. Supp. 2d 937, 942-43 (W.D. Ark. 2007).

The Defendant also takes issue with notice via email.  Yet, district courts have repeatedly authorized notice in this form.  See, e.g., Arnold v. Acappella, LLC, Civil No. BPG-15-3001, 2016 WL 5454541, at *4 (D. Md. Sept. 29, 2016) ("This court has recognized that e-mail communication is now the norm and in numerous cases has directed FLSA defendants to produce such information." (internal quotations and citation omitted)); Irvine v. Destination Wild Dunes Mgmt., Inc., 132 F. Supp. 3d 707, 711 (D.S.C. 2015) ("This has become a much more mobile society with one's email address and cell phone number serving as the most consistent and reliable method of communication."); Gregory v. Belfor USA Grp., Inc., Civil Action No. 2:12cv11, 2012 WL 3062696, at *6 (E.D. Va. July 26, 2012).  Accordingly, the Court **OVERRULES** the Defendant's third objection.[7]  Similarly, because it finds notice by email appropriate, the Court **OVERRULES** the Defendant's fourth objection regarding postmarks.

---

[7] The Defendant purports that it does not maintain employee email addresses in any database.  However, to the extent that they are available, the Defendant must provide email addresses of potential opt-in class members to the Plaintiffs.

7

In regard to the Defendant's fifth objection, the Court agrees that potential opt-in plaintiffs should be informed that, in the event of a loss, court costs and expenses may be assessed against them. Therefore, the Court **SUSTAINS** the objection and **ORDERS** the notice to include the following statement after the third sentence in paragraph six: "Furthermore, if you do not prevail on your claim, court costs and expenses may possibly be assessed against you." See Byard v. Verizon W. Va., Inc., 287 F.R.D. 365, 375 (N.D. W. Va. 2012). Next, the Defendant argues that paragraph nine relating to attorneys' fees is insufficient. Upon review, the Court finds this objection trivial and its implementation would have no consequence on the notice phase of this proceeding. Accordingly, the Court **OVERRULES** the Defendant's seventh objection.

Finally, after reviewing the Defendant's eleventh objection, the Court **ORDERS** that it be **SUSTAINED IN PART**. The Court **ORDERS** the Plaintiffs to replace the first two paragraphs in the consent to join form with the following language:

> I am a current or former employee of Buffalo Wild Wings restaurant in Martinsburg, West Virginia. I consent and agree to join and opt in to the lawsuit of *Rodgers v. Abbster Enterprises, LLC*, to recover unpaid wages and other appropriate relief under the Fair Labor Standards Act, 29 U.S.C. §§ 201-219. I understand that this lawsuit is being brought as a collective action. I consent and agree to be bound by any settlement of this action or adjudication by the Court.
> I understand that I may withdraw my consent to proceed with my claims at any time by notifying the attorneys handling the matter.[8]

The proposed notice submitted by the Plaintiffs, with the few above-mentioned alterations, is accurate and will allow the potential class members to "make informed decisions about whether to participate." See Sperling, 493 U.S. at 170.

---

[8] The second paragraph of the proposed consent form is unnecessary for opt-in purposes. Counsel for the Plaintiffs and any opt-in plaintiffs may include this information in a separate retainer agreement.

### C. Reminder Notice

In addition to an initial notice, the Plaintiffs request that they be permitted to issue a reminder notice to potential class members halfway through the opt-in period. The Defendant opposes a reminder notice, stating that it is unnecessary and improper. District courts within the Fourth Circuit routinely allow thirty to sixty days for the opt-in period. See, e.g., Schmidt v. Charleston Collision Holdings Corp., C.A. No. 2:14-cv-01094-PMD, 2015 WL 3767436, at *10 (D.S.C. June 17, 2015); Byard, 287 F.R.D. at 373; Gregory, 2012 WL 3062696, at *7. Even with a sixty day opt-in period, a reminder notice would be unnecessary and could potentially be perceived "as encouragement by the court to join the lawsuit." See Witteman v. Wis. Bell, Inc., No. 09-cv-440-vis, 2010 WL 446033, at *3 (W.D. Wis. Feb. 2, 2010) ("The purpose of notice is simply to inform potential class members of their rights. Once they receive that information, it is their responsibility to act as they see fit."); see also Byard, 287 F.R.D. at 373. Here, the Court does not find a reminder notice necessary.

### IV. Conclusion

Based upon the aforementioned, the Court **GRANTS IN PART** the Plaintiffs' Motion for Step-One Notice Pursuant to the Fair Labor Standards Act [ECF No. 20]. The Court **CONDITIONALLY CERTIFIES** the Plaintiffs' collective action of all current and former servers and bartenders who worked at Buffalo Wild Wings in Martinsburg, West Virginia, between July 7, 2013, and the present.[9]

---

[9] In their motion, the Plaintiffs do not propose an exact date for the start of the class period—only that notice be sent to potential class members who were employed "at any point in the last three years." See ECF No. 20 at 1. The Court will use the three-year period from the date of the filing of the complaint. See Bittencourt v. Ferrara Bakery & Cafe, Inc., 310 F.R.D. 106, 116-17 (S.D.NY. 2015) (stating that it is "appropriate to calculate the three-year period for notice from the filing of the complaint"); Castillo v. P & R Enters., Inc., 517 F. Supp. 2d 440, 449 (D.D.C. 2007) (reasoning that "[b]ecause the date on which the notices will be distributed is uncertain," a date "three years prior to the filing of the Complaint" is appropriate). The Court

The Court **ORDERS** the Plaintiffs to amend their proposed notice and consent to join form as detailed in this Order and submit it to the Court for final approval by **February 13, 2017**. The Court **ORDERS** the Defendant to provide to the Plaintiffs, in electronic and importable format, the name, employee identification number, last known mailing address, email address, positions held and dates of employment of all potential members of the conditionally certified class by **February 13, 2017**.

The Court **ORDERS** that any and all consent to join forms must be signed and filed with this Court via CM/ECF by **April 14, 2017**. On this date, the opt-in period will close.

The Clerk is **DIRECTED** to transmit copies of this Order to all counsel of record herein.

**DATED:** January 30, 2017

/s/ Gina M. Groh
GINA M. GROH
CHIEF UNITED STATES DISTRICT JUDGE

---

recognizes that this cause of action accrues for the opt-in plaintiffs when their written consent to join the case is filed. 29 U.S.C. § 256. However, for the purpose of notice, the Court will use the date of the filing of the complaint. The Defendant is free to challenge the timeliness of the individual opt-in plaintiffs' claims at a later date.