IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

MICHAEL RODGERS and LAUREN          )
COLLINS, on behalf of themselves and all,   )
other persons similarly situated,          )
known and unknown                    )          Case No. 3:16-cv-00106-GMG
                                     )
                    Plaintiffs,      )          Judge Gina M. Groh
                                     )
        v.                           )
                                     )
ABBSTER ENTERPRISES LLC,             )
                                     )
                    Defendant.       )

## ORDER APPROVING SETTLEMENT, SERVICE AWARD, AND ATTORNEYS' FEES AND COSTS

The above-entitled matter came before the Court on Plaintiffs' Unopposed Motion to Approve Settlement Agreement ("Motion for Settlement Approval"). After reviewing the Motion for Settlement Approval, the supporting Memorandum of Law in Support of the Motion for Settlement Approval (the "Memorandum"), the Declaration of Douglas M. Werman ("Werman Decl.") and the supporting exhibits, the Court hereby finds as follows:

### The Settlement Is Approved

1. The Court approves the Settlement Agreement and incorporates by reference all of the definitions contained in the Settlement Agreement.

2. The Court hereby approves the One Hundred Sixteen Thousand Two Hundred Fifty and No/100ths Dollar ($116,250.00) collective action settlement. Courts approve FLSA settlements when they are reached as a result of contested litigation and are a fair and reasonable resolution of a bona fide disputes. *Irvine v. Destination Wild Dunes Mgmt., Inc.*, 204 F. Supp.3d 846, 849 (D.S.C. 2016)(although "the Fourth Circuit has not directly addressed what factors district courts should consider when analyzing proposed FLSA settlements," district courts within the Fourth Circuit generally follow the analysis set forth by the Eleventh Circuit in *Lynn's Food*

*Stores, Inc. v. U.S.*, 679 F.2d 1350, 1352-54 (11th Cir. 1982)); *Butler v. DirectSAT USA, LLC*, 2015 WL 5177757, No. DKC 10-2747 at *2 (D. Md. Sep. 3, 2015)(same). If the proposed settlement reflects a reasonable compromise over contested issues, the court should approve the settlement. *Lynn's Food Stores*, 679 F.2d at 1354. "Courts greatly favor the settlement of cases and allowing litigants to achieve their own resolution of disputes.... Although the district court has broad discretion in approving a settlement of a collective action, there is a 'strong presumption in favor of finding a settlement fair.'" *Newbanks v. Cellular Sales of Knoxville, Inc.*, No. 3:12-1420-CMC, 2015 WL 12843763, at *5 (D.S.C. Feb. 4, 2015) (citations omitted).

3.      Here, the settlement meets the standard for approval. The settlement was the result of vigorously contested litigation. Defendant denied Plaintiffs' allegations of FLSA violations and Defendant opposed Plaintiffs' Motion for Step-One FLSA Notice. The settlement was the result of arm's-length negotiations following Defendant's production of all requested time and payroll records, and it is a fair and reasonable compromise.

4.      The plan for allocating the Settlement Payments as described in the Joint Stipulation of Settlement is approved.

5.      The plan for issuing and delivering the Settlement Payments as described in the Joint Stipulation of Settlement is approved.

**The Service Awards Are Approved**

6.      A service award of Two Thousand Five Hundred and No/100ths Dollars ($2,500.00) to Named Plaintiff Michael Rodgers and to Named Plaintiff Lauren Collins is approved. The amount shall be paid from the Settlement Fund. Plaintiffs in class and collective actions play a crucial role in bringing justice to those who would otherwise be hidden from judicial scrutiny. Courts may make separate awards to class representatives in recognition of their risks taken, time expended and benefits to the class. *Irvine*, 204 F. Supp. 3d at 850-851; *Newbanks*, 2015

2

WL 12843763, at *7; *Ruffin v. Entertainment of the Eastern Panhandle, Inc.*, No. 3:11-CV-19,
2013 WL 12134044, at *2 (N.D. W. Va. Oct. 1, 2013).

7.     The role of the Named Plaintiffs in this litigation was crucial. They initiated the
lawsuit, reviewed and approved the Complaint, conferred and corresponded with Class Counsel
and provided sworn declaration testimony in support of the motion for step-one notice. The
proposed Service Awards comport with service payments recently awarded to Named Plaintiffs in
other FLSA actions. *See, e.g., Irvine*, 204 F. Supp. 3d at 850-851 (approving awards of $5,000
each to three named plaintiffs and $2,500 plus other awards to plaintiffs and Opt-in plaintiffs);
*Newbanks*, 2015 WL 12843763, at *7 (approving awards of $2,000 each to two named plaintiffs
and two other plaintiffs).

**Fees and Costs of Plaintiffs' Counsel Are Approved**

8.     The Court grants Plaintiffs' Counsel's request for $50,000.00 in attorneys' fees and
costs.

9.     Plaintiffs' Counsel seek their attorney's fees on a lodestar basis. *Hensley v.
Eckerhart*, 461 U.S. 424, 433 (1983). The lodestar is the product of the number of hours reasonably
expended on the merits of the litigation by the reasonable hourly rate. *Rum Creek Coal Sales, Inc.
v. Caperton*, 31 F.3d 169, 174 (4th Cir. 1994). In determining reasonable attorneys' fees in FLSA
actions, courts within the Fourth Circuit begin with the lodestar approach and may include
adjustments for time spent on "unsuccessful clams" and "the degree of success obtained."
*Newbanks*, 2015 WL 12843673 at *8.

10.     Within the Fourth Circuit, determining the lodestar is based on a consideration of
the following factors:

> (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the level
> of skill required to perform the legal service properly; (4) the preclusion of employment by
> the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is

fixed or contingent; (7) the time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases.

*General Motors LLC v. Bill Kelley, Inc.*, No. 2:12-CI-51, 2013 WL 550-4445, at *3 (N.D. W. Va., Oct. 1, 2013) (citations omitted).

### Plaintiffs' Counsel's Reasonably Incurred Time

11. In Support of their Motion for Settlement Approval, Plaintiffs' Counsel provided the Court a summary of the billable time (and reasonable hourly rates) that they incurred in litigating this FLSA collective action. *See* Werman Decl., ¶ 31; Hammer Decl., ¶ 16. Plaintiffs' Counsel's lodestar exceeds $86,643.75.

12.     Plaintiffs' Counsel's lodestar noted above is through September 12, 2017, and does not account for the time Plaintiffs' Counsel will expend fulfilling their obligations in the Settlement Agreement, and monitoring the administration of the Settlement.

13.     Based on the evidentiary materials and declarations submitted by Plaintiffs' Counsel, the Court concludes that the total of 214.05 hours that Plaintiffs' Counsel expended on the litigation is reasonable.

### Class Counsel's Reasonable Hourly Rates

14.     Under the lodestar method, for purposes of determining a reasonable attorney's fee, the hourly rate must be calculated in accordance with the prevailing market rate in the relevant community. *Blum v. Stenson*, 465 U.S. 896, 895 (1984). With respect to courts within the Fourth Circuit making that determination, "the community in which the court sits is the first place to look to in evaluating the prevailing market rates. Rates charged by attorneys in other cities, however, may be considered when 'the complexity and specialized nature of a case may mean that no attorney, with the required skills, is available locally,' and the party choosing the attorney from elsewhere acted reasonably in making the choice." *Rum Creek Coal Sales, Inc.*, 31 F.3d at 179.

4

15.     Plaintiffs' Counsel provided declarations to establish that the hourly rates they request are the rates they also charge to hourly paying clients, have been awarded by other courts, and are otherwise justified by their experience and recognition as national leaders in advocating the rights of working people in wage and hour litigation. *See Sanchez v. Roka Akor Chicago LLC*, No. 14-cv-4645, 2017 WL 1425837, at *5 (N.D. Ill. Apr. 20, 2017) (granting attorneys' fees at the rates set forth below for Douglas M. Werman, Maureen A. Salas, and Zachary C. Flowerree). Plaintiffs' Counsel's hourly rates were recently cited with approval and used to analyze the fee petition in a wage and hour case in the Northern District of Illinois, describing Douglas M. Werman, Maureen A. Salas and Sarah J. Arendt as "highly respected and experienced lawyers" in "wage and hour cases." *See Mouloki v. Epee,* No. 14 C 5532, 2017 WL 2791215, at * 3, n. 4, (N.D. Ill. June 27, 2017) (comparing the rates sought by lawyers from Orrick, Herrington, And Sutcliffe LLP with those charged by lawyers at Werman Salas P.C.).

16.     The Court concludes that the following hourly rates are reasonable and supported by the evidentiary showing made by Class Counsel:

| Timekeeper | Rate |
|---|---|
| Douglas M. Werman | $650 |
| Steven P. Schneck | $625 |
| Abra Siegel | $575 |
| Maureen A. Salas | $525 |
| Zachary C. Flowerree | $430 |
| David M. Hammer | $400 |
| Jacqueline Villanueva | $150 |
| Adriana Rodriguez | $150 |
| Cristina Calderon | $150 |
| Maria Reyes | $150 |
| Othon Nunez | $150 |

17.     A Court may consider other factors to determine loadstar amount. These factors include (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill requisite to perform the legal service properly; (4) the preclusion of employment by the attorney

5

due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the undesirability of the case; and (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases. *General Motors LLC v. Bill Kelley, Inc.*, No. 2:12-CI-51, 2013 WL 550-4445, at *3 (N.D. W. Va., Oct. 1, 2013) (citations omitted). These factors support the award of Plaintiffs' Attorneys' requested fees.

### The Results and the Benefits Conferred Upon the Named Plaintiffs and the Settlement Class Members Justify the Requested Award

18.     The Settlement Payments the Named Plaintiffs and Opt-in Plaintiffs will receive are significant. The highest settlement payment is $7,611.52, and the average award is $1,655.41. *See* Werman Decl., ¶ 18. These payments represent a 50% forfeiture of the tip credit for all hours worked between July 7, 2013 and February 13, 2014; a 35% forfeiture of the tip credit for all hours worked between February 14, 2014 and March 15, 2016, and a 20% forfeiture of the tip credit for all hours worked during shifts where the Meeting Code was not used between March 16, 2016 and March 15, 2017. Inasmuch as Defendants dispute that their policies violated state and federal wage and hour laws and Plaintiffs allege that they spent a portion of their time performing dual jobs, this is a fair and equitable result for the Named Plaintiff and Opt-in Plaintiffs.

19.     Under the terms of the Settlement, Plaintiffs waive only those claims that "were brought in the Action or that could have been brought in the Action." Plaintiffs are not being required to provide a general release in order to participate in the Settlement, which exemplifies the positive results achieved for the Settlement Class. *See Ramah Navajo Chapter v. Babbitt,* 50 F. Supp. 2d 1091, 1103-04 (D.N.M. 1999) (noting the limited, rather than general, nature of the release as further evidence of an exceptional result in favor of class members).

6

20.     Based on their rate of compensation in similar cases, the risk Plaintiffs' Counsel undertook in engaging in this litigation with no guarantee of any compensation, and the fair and equitable result achieved for Named Plaintiffs and Opt-in Plaintiffs, Plaintiffs' Counsel is entitled to a reasonable attorneys' fees and costs award in the amount of $50,000.00.

**Dismissal and Post-Judgment Procedure**

21.     Assuming no appeal or contest of this Order, within forty-five days (45) days after the Court enters an order approving the Settlement, Defendant will mail to Plaintiffs' Counsel the Settlement Payment checks of each Named Plaintiff and Opt-in Plaintiff.

22.     Assuming no appeal or contest of this Order, within forty-five (45) days after the Court enters an order approving the Settlement, Defendant will mail to Plaintiffs' Counsel the check for Plaintiffs' Counsel's attorneys' fees and costs.

23.     Defendant shall report and deliver any funds from Settlement Payments or Service Awards that are not negotiated within the 120-day period to negotiate Settlement Payments or Service Awards to the State Treasurer pursuant to the West Virginia Uniform Unclaimed Property Act, W. Va. Code §36-8-1, *et al.*

24.     This case is dismissed with prejudice.

25.     The Court will retain jurisdiction over this action for the purposes of interpreting, implementing and enforcing of the terms of the Settlement Agreement and all orders and judgments entered in connection with it.

26.     The parties shall abide by all terms of the Settlement Agreement, which are incorporated herein, and this Order.

It is so ORDERED this 4th day of Oct , 2017

_____
Honorable Gina M. Groh
United States District Judge

7